NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN M. BANDA, JR.,                    :
                                       :    Civil Action No. 06-0093 (PGS)
                Plaintiff,             :
                                       :
           v.                          :    **OPINION**
                                       :
JAMES E. McGREEVEY, et al.,            :
                                       :
                Defendants.            :

**APPEARANCES:**

Plaintiff pro se
John M. Banda, Jr.
STU - Annex
8 Production Way
P.O. Box 905
Avenel, NJ 07001

**SHERIDAN**, District Judge

     Plaintiff John M. Banda, Jr., an involuntarily-committed
sexually-violent predator confined at the Special Treatment Unit,
Avenel, New Jersey, seeks to bring this action in forma pauperis
pursuant to 42 U.S.C. § 1983, alleging violations of his
constitutional rights.  Based on his affidavit of indigence, the
Court will grant Plaintiff's application to proceed in forma
pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of
the Court to file the Complaint.

     At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that he has been involuntarily civilly committed pursuant to New Jersey's "Sexually Violent Predator Act," codified at N.J.S.A. 30:4-27.24, et seq.  Plaintiff names as defendants 40 individuals and entities that he claims acted together to procure his commitment as a "sexually violent predator" unlawfully and without probable cause, in violation of his right to due process, or who participated in his treatment as a "sexually violent predator."  Specifically, Plaintiff contends that their conduct is wrongful because he has never committed a sexually violent offense, as required for commitment as a "sexually violent predator."

In addition, Plaintiff asserts that two defendants, Lou Norton and Kyle Velte, have deprived him of his right of access to the courts by refusing to photocopy documents related to this action.

Plaintiff seeks damages in the amount of $825 million and other related relief.

2

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48

(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

The New Jersey Sexually Violent Predator Act, N.J.S.A. § 30:4-27.24 et seq., establishes an involuntary civil commitment procedure for a sexually violent predator, defined by the act as "a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment," N.J.S.A. § 30:4-27.26.  Further, pursuant to the act, the Department of Corrections is responsible for the operation of any facility designated for the custody, care, and treatment of sexually violent predators, and the Department is required, with limited exceptions, to house such committed sexually violent predators separately from other offenders in the custody of the Department of Corrections.  N.J.S.A. § 30:4-27.34(a).  The Division of Mental Health Services in the Department of Human Services is required to provide or arrange for treatment appropriately tailored to address the specific needs of sexually violent predators.  N.J.S.A. § 30:4-27.34(b).

This is at least the fourth Complaint that Plaintiff has
filed in this Court asserting that he was unconstitutionally
civilly committed and subjected to a treatment plan pursuant to
the Sexually Violent Predator Act.  All three previous Complaints
have been dismissed for failure to state a claim and the Court of
Appeals for the Third Circuit has affirmed the prior dismissals.
See Banda v. State of New Jersey, Civil Action No. 04-5632 (AET),
affirmed, 134 Fed.Appx. 529 (3d Cir. June 7, 2005); Banda v. New
Jersey Special Treatment Unit, Civil Action No. 05-2078 (WJM),
affirmed, 164 Fed.Appx. 286 (3d Cir. Feb. 3, 2006); Banda v. N.J.
Dept. of Mental Health Services, Civil Action No. 05-2622 (WJM),
affirmed, 160 Fed.Appx. 270 (3d Cir. Jan. 4, 2006).  Although the
named defendants have differed in each action, the gravamen of
the challenge has been the same, that Plaintiff has never been
convicted of a predicate sexually violent offense.  Accordingly,
this Court is constrained to follow the rulings of the Court of
Appeals that Plaintiff's § 1983 action is premature until such
time as his commitment as a sexually violent predator has been
invalidated.  See also, e.g., Heck v. Humphrey, 512 U.S. 477
(1994); Flowers v. Leean, 215 F.3d 1331, 2000 WL 554518 (7th
Cir.) (unpubl.), cert. denied, 531 U.S. 866 (2000); Huftile v.
Miccio-Fonsecaa, 410 F.3d 1136, 1137-42 (9th Cir. 2005); Talbot
v. Loya, 2005 WL 2765131 (D.Neb. Oct. 24, 2005) (unpubl.); Rogers

v. Illinois Dept. of Corrections Special Evaluation Unit, 160 F.Supp.2d 972, *977-78 (N.D. Ill. 2001).[1]

Plaintiff also fails to state a claim for deprivation of his right of access to the courts.[2] The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983). In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights. Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also Peterkin v. Jeffes, 855 F.2d 1021, 1036

---

[1] There is no reason to consider construing the Complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as Plaintiff attaches to his Complaint a brief indicating that his appeal of the commitment is pending before the Appellate Division; thus, he has not exhausted his state remedies. See 28 U.S.C. § 2254(b). Cf. Delaney v. Commissioner of Dept. of Mental Health, 1998 WL 113852, *4-7 (D. Mass. 1998).

[2] Persons committed under the Sexually Violent Predator Act are "patients at a secure treatment facility, not inmates." In re Commitments of M.G. and D.C., 751 A.2d 1101, 1105 (N.J.Super. App. Div. 2000). Several federal courts have held that involuntarily-committed mental patients possess a right of access to the courts that is analogous to that of convicted prisoners. See, e.g., Thornblad v. Anderson, 2004 WL 742045 (D.Minn. March 31, 2004); Greist v. Norristown State Hospital, 1997 WL 661097 (E.D. Pa. Oct. 22, 1997).

n.18 (3d Cir. 1988) (chronicling various constitutional sources
of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme
Court held that "the fundamental constitutional right of access
to the courts requires prison authorities to assist inmates in
the preparation and filing of meaningful legal papers by
providing prisoners with adequate law libraries or adequate
assistance from persons trained in the law."  The right of access
to the courts is not, however, unlimited.  "The tools [that
Bounds] requires to be provided are those that the inmates need
in order to attack their sentences, directly or collaterally, and
in order to challenge the conditions of their confinement.
Impairment of any other litigating capacity is simply one of the
incidental (and perfectly constitutional) consequences of
conviction and incarceration."  Lewis v. Casey, 518 U.S. 343, 355
(1996) (emphasis in original).

Moreover, a prisoner alleging a violation of his right of
access must show that prison officials caused him past or
imminent "actual injury."  See Lewis, 518 U.S. at 348-55 and n.3
(1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).
There is no "abstract, freestanding right to a law library or
legal assistance, [and] an inmate cannot establish relevant
actual injury simply by establishing that his prison's law
library or legal assistance program is subpar in some theoretical

8

sense.  ...  [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

In describing the scope of services which must be provided by the state to indigent prisoners, the Supreme Court has stated, "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them.  ...  This is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access.  But the cost of protecting a constitutional right cannot justify its total denial."  Bounds, 430 U.S. at 824-25, clarified on other grounds, Lewis v. Casey, 518 U.S. 343. Thus, "there is no First Amendment right to subsidized mail or photocopying.  [Instead], the inmates must point to evidence of

actual or imminent interference with access to the courts."
Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

Here, although Plaintiff alleges that he was deprived of
photocopying, he has suffered no actual injury. He was able to
submit this Complaint with sufficient information to permit this
Court to address Plaintiff's claim. In the absence of injury,
Plaintiff has failed to state a claim for deprivation of his
right of access to the courts.

To the extent the Complaint could be construed as asserting
any state law claims, this Court declines to exercise
supplemental jurisdiction over those claims. See Hedges v.
Musco, 204 F.3d 109, 123 (3d Cir. 2000); 28 U.S.C. § 1367(c)(3).

V.   CONCLUSION

For the reasons set forth above, the Complaint must be
dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure
to state a claim. It does not appear that Plaintiff could amend
the Complaint to state a claim at this time. An appropriate
Order follows.

Peter G. Sheridan
United States District Judge

Dated:

10